Securities and Exchange Commission v. Parish et al　Doc. 2
Case: 8:07-cv-00137-UNA　Document #: 2　Date Filed: 04/12/2007　Page 1 of 20
2:07-cv-00919-DCN　Date Filed 04/05/2007　Entry Number 7　Page 1 of 19

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALBERT E. PARISH,<br>PARISH ECONOMICS, LLC and<br>SUMMERVILLE HARD ASSETS, LLC<br><br>　　　　　　　　　　Defendants. | 8:07cv137<br><br>Case No. 2:07-919-DCN |

ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING
ORDER, ORDER APPOINTING RECEIVER, ORDER FREEZING ASSETS,
ORDER PROHIBITING DESTRUCTION OF DOCUMENTS AND ORDER
EXPEDITING DISCOVERY

Upon the Motion of the Securities and Exchange Commission ("Commission"), upon the Certification of the Commission submitted pursuant to Rule 65(b) and (d) of the Federal Rules of Civil Procedure, and upon the Complaint in this action and supporting documents relied on and submitted therewith, and it appearing from the allegations set forth in the papers submitted by the Commission that the defendants Albert E. Parish, Jr., Parish Economics, LLC ("Parish Economics") and Summerville Hard Assets, LLC ("Summerville Assets")(collectively "Defendants") pending final determination of this action may, unless restrained, continue to engage in acts and practices which constitute violations or aiding and abetting of violations of Section 17(a) of the Securities Act of

1933 ("Securities Act")[15 U.S.C. 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. 78j(b)], and Rule 10b-5 [17 C.F.R. 240.10b-5] promulgated thereunder, and, with respect to defendants Parish and Parish Economics, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act")[15 U.S.C. 80b-6(1) and(2)], and that the defendants may dissipate funds fraudulently obtained, and it appearing that adequate grounds exist for the issuance of this Order,

I.

**IT IS HEREBY ORDERED** that defendants show cause, if any there be, before Judge David C. Norton of this Court, at 10 o'clock in the AM on the 13th day of April, 2007, in Courtroom II of the United States Courthouse, Hollings Judicial Center, 83 Broad Street, Charleston SC, or as soon thereafter as the matter can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted, as requested by the Commission.

II.

**IT IS HEREBY ORDERED** that until further order of this Court Defendants, their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them, who receive actual notice of this Consent Order by personal service or otherwise, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or

communication in interstate commerce, or by the mails or any facility of any national securities exchange, be, and hereby are, enjoined and restrained from, directly or indirectly:

(a) employing any device, scheme or artifice to defraud;

(b) engaging in any act, practice, transaction or course of business which operates or would operate as a fraud or deceit upon any person;

(c) obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(d) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder.

### III.

**IT IS FURTHER ORDERED** that Defendants Parish and Parish Economics and their agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of this Final Judgment, by personal service, facsimile or otherwise, and each of them, be and hereby are, permanently enjoined and

restrained from violating or aiding and abetting violations of Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. 80b-6(1) and (2)], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## IV.

**IT IS FURTHER ORDERED** that, pending entry of the Final Judgment in this matter, all assets of, or under the control of Defendants are frozen, except as otherwise specified herein. Pending entry of the Final Judgment, Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of said defendant. This Court further enjoins any disbursement by Parish, Parish Economics and Summerville Assets, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from the Parish Economics and the

Summerville Assets offerings alleged in the Commission's complaint. The freeze shall include but not be limited to those funds located in any bank accounts, brokerage accounts, and any other accounts or property of Defendants. Despite the foregoing, defendant Parish may expend to be determined at hearing per month from his assets as living expenses for three months following the date of entry of this order; Thereafter, Defendant Parish may apply to the Court with a signed, sworn statement of financial condition for an amount which the Court may determine may be exempted from the freeze for the purpose of meeting his ordinary and necessary living expenses. Nothing is this order shall prevent Parish from obtaining employment in the future and any earnings from that employment shall be segregated from any frozen accounts and shall not be subject to this freeze, provided that no employment or earnings may be derived from the other defendant in this case, or from any entity under their control. In addition to living expenses, Parish may withdraw from his frozen assets, including any unused retainer in the hands of his attorneys, up to be determined at hearing as attorneys' fees. Nothing is this Order shall empower the Receiver to seek recovery of reasonable and customary professional fees earned and paid prior to the entry of this Order.

V.

**IT IS FURTHER ORDERED** that the Commission may take expedited discovery as follows:

5

a.  The Commission and Receiver may take depositions upon oral examination subject to three days notice prior to expiration of 30 days after service of the Summons and Complaint upon defendant, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure; Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the defendants shall answer all plaintiff's interrogatories within three days of service of such interrogatories;

b.  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon request of the Commission, the defendants shall produce all documents within three days of service of such request;

c.  All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to the Commission at 3475 Lenox Road N.E., Suite 1000, Atlanta, Georgia 30326-1232, or such other place as counsel for the Commission may direct, by the most expeditious means available.

## VI.

**IT IS FURTHER ORDERED** that it appears that a Receiver may be both necessary and appropriate in order to prevent waste and dissipation of the assets of Defendants to the detriment of partners/investors. This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of

Defendants Parish, Parish Economics and Summerville Assets, or that are attributable to funds provided by an investor or client of the Defendants.

## VII.

**IT IS FURTHER ORDERED** that S. Gregory Hays, is appointed Receiver for Defendants Parish, Parish Economics and Summerville Assets, without bond. Defendants Parish, Parish Economics and Summerville Assets and their assets, are collectively referred to herein as "the Receiver Estate." No person holding or claiming any position of any sort with the Receiver Estate shall possess any authority to act by or on behalf of any of the Receiver Estate, except as authorized by the Receiver. All persons, including but not limited to the Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this *Order* by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing the assets of Receivership Estate and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Estate, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court.

## VIII.

**IT IS FURTHER ORDERED** that the Receiver shall have and possess all powers and rights to administer and manage the Receiver Estate, including, but not limited to the power and authority to:

(a) to take custody, control and possession of all records, assets, funds, property premises and other materials of any kind in the possession of or under the direct or indirect control of the Receiver Estate and, until further order of this Court;

(b) to manage, control, operate and maintain the Receiver Estate, to use income, earnings, rents and profits of the Receiver Estate, with full power to sue for, collect, recover, receive and take into possession all goods, chattels, rights, credits, monies, effects, lands, books and records of accounts and other documents, data and materials;

(c) to conduct the business operations of Defendants Parish Economics and Summerville and the entities they controls, including the collection of rents or continuation and termination or any employment arrangement and all other aspects of any active business operation;

(d) to make such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receivership Estate;

(e) to sell, rent, lease or otherwise hypothecate or dispose of the assets of the Receiver Estate;

(f) to contact and negotiate with any creditors of the Defendants for the purpose of compromising or settling any claim, including the surrender of assets to secured creditors;

(g) to receive and collect any and all sums of money due or owing to Defendants Parish, Parish Economics and Summerville Assets whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make

such disbursements as are necessary and proper for the collection, preservation, maintenance, administration and operation of the Receiver Estate;

(h) to renew, cancel, terminate, or otherwise adjust any pending lease agreements to which Defendants Parish, Parish Economics and Summerville Assets may be a party;

(i) to open bank accounts or other depository accounts, in the name of the Receiver on behalf of the Receiver Estate;

(j) to prepare any and all tax returns and related documents regarding the assets and operation of the Receiver Estate;;

(k) to take any action which could be taken by the officers, directors, managers, members, partners, trustees or other principals of the Receiver Estate

(l) to abandon any asset that, in the exercise of his reasonable business judgment, will not provide benefit or value to the Receiver Estate; and,

(m) to take such other action as may be approved by this Court.

9

## IX.

To the broadest extent allowed under applicable law, the Receiver, in his sole discretion, is authorized to file and prosecute any civil action or other proceeding that could be filed by a receiver, generally, or by any defendant subject to this Receivership. This authority includes, but is in no way limited to, prosecuting actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds traceable to investor monies. All such actions shall be filed in this Court. Moreover, the Receiver, in his discretion, is authorized to prosecute, defend, settle, compromise or adjust any pending or future action or proceeding as may be advisable or proper for the protection and administration of the Receiver Estate.

## X.

**IT IS FURTHER ORDERED** that the Receiver shall be empowered, but is not required, to file a voluntary petition for relief under Title 11 of the United States Code (the Bankruptcy Code) for the Receiver Estate or any portion thereof. If a bankruptcy petition is filed, the Receiver shall become, and shall be empowered to operate the Receiver Estate as a debtor in possession, with all powers and duties provided to a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Without leave or further order of this Court, no person other than the Receiver is authorized to seek relief for any person or entity included within the Receiver Estate

## XI.

**IT IS FURTHER ORDERED** that with respect to the asset freeze set forth herein, the Receiver shall be authorized, but not required, to administer, manage, and direct the marshaling, disbursement and/or transfer of monies or other assets held by third parties that are subject to the freeze. The Receiver may, in the reasonable exercise of his discretion, authorize the release, use or segregation of proceeds held by third parties.

## XII.

**IT IS FURTHER ORDERED** that the Receiver shall perform an accounting of the offering and sale of securities that is outlined in the Commission's Complaint including, but not limited to, the Defendants' solicitation, receipt, disposition and use of the proceeds from such offering.

## XIII.

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, servants, employees, attorneys, and all persons who have had any type of business or personal relationship with any of them, who receive actual notice of this *Order,* shall cooperate with the Receiver and the other professionals working with him in the administration of the Receiver Estate, including, but not limited to, the immediate delivery and turn-over to the Receiver of the following:

(a)   all assets and other materials of the Receiver Estate in the possession or under their control, as well as the name and contact information of any person who has knowledge of the nature or location of assets or other materials belonging to the Receiver Estate;

(b) business records of any kind, whether in hard copy or electronic format, including e-mail files and accounts, customer files, accounting and financial records, bank records and brokerage or other depository records;

(c) insurance policies regarding any assets or persons that are in any way affiliated with the Receiver Estate, along with other information regarding insurance coverage or the absence thereof;

(d) computers and computer files, including e-mail files, along with all passwords for such files, that belong to or are under the control of Defendants Parish, Parish Economics and Summerville Assets or that in any way relate to the assets or the operation of the Receiver Estate;

(e) passwords and other identifying information regarding all computer or on-line files, banking or brokerage accounts and/or any other assets of any of Defendants Parish, Parish Economics and Summerville Assets or under their direct or indirect control, specifically including but not limited to, passwords for internet or electronic access banking, brokerage and other on-line accounts;

(f) keys, security cards, parking cards and other access codes for premises, vehicles, safety deposit boxes or accounts or assets under the direct or indirect control of Defendants Parish, Parish Economics and Summerville Assets; and,

(g) such other information related to the Receiver Estate as the Receiver and those working with him reasonably request.

12

## XIV.

**IT IS FURTHER ORDERED** that any bank, brokerage firm, mutual fund or other financial institution or any other person, partnership, corporation or other entity maintaining or having custody or control of: (a) any brokerage or depository accounts or other assets of the Receiver Estate; or, (b) accounts into which proceeds of the subject investment offering(s) have been deposited; (c) accounts or assets under the direct or indirect control of any Defendant, or (d) other tangible or intangible assets under the direct or indirect control of any Defendnat, who receives actual notice of this *Order*, shall:

(i) freeze such accounts, funds or assets;

(ii) within five (5) business days of receipt of such notice, file with the Court and serve on the Receiver and counsel for the Commission and for the Defendants a certified statement setting forth, with respect to each such account or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

(iii) promptly cooperate with the Receiver to determine whether and to what extent any accounts, funds or other assets are actually assets or proceeds of assets of the Receiver Estate;

(iv) provide to the Receiver records of such funds, accounts and assets and tender said funds and/or the assets to the Receiver.

To the extent that there are funds or other assets about which a determination of

ownership cannot be made, they shall be turned over to the Receiver to be held in escrow pending a determination of the ownership of such assets.

## XV.

The Receiver is authorized to provide notice of the entry of this *Order* to any governmental agency, person or other entity he deems appropriate. Actual notice may be accomplished by delivery of a copy of this *Order* by hand, U.S. mail, courier service, facsimile, by e-mail or by any other reasonable means of delivery.

## XVI.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Defendants Parish, Parish Economics and Summerville Assets, above, or any company or entity under the direction or control of Defendants, to any Post Office box or other mail depository, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail, to determine the location or identity of assets or the existence and amount of claims.

## XVII.

**IT IS FURTHER ORDERED** that the Receiver may investigate any matters he deems appropriate in connection with discovering additional information as it relates to the activities of the Receiver Estate. In connection with any such investigation, the Receiver is authorized to:

(a)    compel, including by subpoena, the appearance and testimony of all persons,

including the Defendants (prior to and/or after the filing of responsive pleadings in this action) and the production of the originals of any records and materials, of any sort whatsoever, within the possession, custody or control of any person, though the Receiver's authority under this paragraph shall not be construed to require the waiver by any person of any validly asserted privilege; and,

(b)    order consumer and credit reports that the he deems necessary and appropriate as a part of his investigation.

## XVIII.

**IT IS FURTHER ORDERED** that the Receiver is hereby directed to file with this Court and serve upon the parties, within 45 days after entry of this *Order*, a preliminary report setting out the identity, location and value of the known assets of the Receivership, and any liabilities pertaining thereto.

## XIX.

**IT IS FURTHER ORDERED** that absent express permission and leave by this Court, all actions by any creditors and other persons seeking money damages or other relief from the Receiver Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed. Further, all persons having notice of this Order, including creditors and others seeking money damages or other relief from the Receiver Estate, and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and

all officers and deputies, and their respective attorneys, servants, agents and employees, are restrained from doing anything to interfere with the Receiver performance of his duties and the administration of the Receiver Estate. Accordingly, all such persons are enjoined from engaging in any self-help, including set-offs, and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Estate, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. Moreover, any such actions that are so authorized shall be filed in this Court.

## XX.

**IT IS FURTHER ORDERED** that the Receiver is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receiver Estate. The Receiver is also hereby authorized to employ such employees, accountants, consultants, attorneys and other professionals, including employees of his own professional firm, as are necessary and proper for the administration of the Receiver Estate and the performance of his duties as set forth herein. The Receiver shall seek and obtain the approval of this Court prior to disbursement of professional fees and expenses to himself, his firm or his counsel, by presentation of a written application therefore, and after consultation with the Commission and counsel for the defendants. All costs incurred by the Receiver shall be paid from the Receiver Estate. Upon notice to all parties in this case, the Receiver may submit a proposed order regarding an administrative process for the approval and payment of professional fees and

expenses consistent with this provision.

## XXI.

**IT IS FURTHER ORDERED** that upon the request of the Receiver, the United States Marshal's Office, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody or control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## XXII.

**IT IS FURTHER ORDERED** that the Receiver is authorized to remove any person from any premises or real estate that is owned or controlled by or that is otherwise part of the Receiver Estate, except that defendant Parish shall be entitled to remain in his homeplace until further order of the Court. The Receiver shall provide to the Commission and counsel for the Defendants upon request copies of any documents under the control of the Receiver.

## XXIII.

**IT IS FURTHER ORDERED** that the Receiver shall promptly notify the Court and counsel for all parties of any failure or apparent failure of any Defendant or Relief Defendant to comply in any way with the terms of this Order.

## XXIV.

**IT IS FURTHER ORDERED** that except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall

not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership.

## XXV.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the Commission and Defendants, named in the first paragraph of this *Order*, above, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

## XXVI.

**IT IS FURTHER ORDERED** that this *Order* will remain in effect until modified by further order of this Court.

## XXVII.

**IT IS FURTHER ORDERED** that the Defendants' Consent are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## XXVIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

April 5, 2007

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

### Stringer, Jacqueline (USASC)

**From:** SCDEfilingstat@scd.uscourts.gov
**Sent:** Thursday, April 05, 2007 2:07 PM
**To:** scd_ecf_nef@scd.uscourts.gov
**Subject:** Activity in Case 2:07-cv-00919-DCN Securities and Exchange Commission v. Parish et al Order on Motion for TRO

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of South Carolina

### Notice of Electronic Filing

The following transaction was entered on 4/5/2007 at 2:06 PM EDT and filed on 4/5/2007
**Case Name:**        Securities and Exchange Commission v. Parish et al
**Case Number:**      2:07-cv-919
**Filer:**
**Document Number:** 7

**Docket Text:**
ORDER granting [5] Motion for TRO; details set forth in order. Signed by Judge David C Norton on 4/5/2007.(eric, )

**2:07-cv-919 Notice has been electronically mailed to:**
John H Douglas  john.douglas@usdoj.gov, USA-SC-ECF-Docket-M@usdoj.gov, jacqueline.stringer@usdoj.gov

**2:07-cv-919 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=4/5/2007] [FileNumber=1688514-0]
[2834dcb5fdbd934cf7c53d6d4fcf56380d43db2a71b6167db3f363d041d1501958c3
a872eb717fc310a6e8afc02beff1d4c1510187b8365b34bda6a02e7f3c9b]]

4/5/2007